# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ARNOLD ARMENTA,

      Plaintiff,

vs.                                                                                  No. 2:19-cv-00879-KWR-SCY

M. ORTEGA,
DR. ANDRADE JOSE,
D. BIRNBAUM,
P.A. MAUREEN BIXENMANN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Complaint for Violation of Civil Rights filed by Plaintiff Arnold Armenta (Doc. 1). The Court determines that Plaintiff's federal claims are barred by the doctrine of claim preclusion, declines to exercise supplemental jurisdiction over any state law claims, and dismisses the Complaint.

## Factual and Procedural Background

Plaintiff filed his Complaint for Violation of Civil Rights in this case on September 20, 2019. (Doc. 1). He names, as Defendants HSA M. Ortega, Doctor Andrade Jose, MD. Birnbaum, and P.A. Maureen Bixenmann. (Doc. 1 at 1). His Complaint alleges "[e]xcessive force claims with violations of Plaintiff's U.S. Constitution and NM State Constitutional Rights. 8(th) and 14(th) Amendment Violations Deliberate-Indifference." (Doc. 1 at 3). He claims:

> "By not putting plaintiff's knee-cap back into its proper
> position was an 'Intentional Infliction of Emotional Distress'
> . . . and, in the alternative, Deliberate Indifference and Malicious
> Conduct."

(Doc. 1 at 4). He factually alleges:

> "from 2009 on through 11-9-2017 above mentioned medical
> providers told Plaintiff Armenta that the pain in his knee was
> arthritis . . .Lawsuit being filed against said providers for
> failing to properly diagnose Mr. Armenta all these years."

(Doc. 1 at 5). He asserts both "objective" and "subjective" injuries and seeks one million dollars in compensatory damages and seven hundred thousand in punitive damages. (Doc. 1 at 7-9). He also expressly indicates that he has never filed a lawsuit in state or federal court dealing with the same facts. (Doc. 1 at 13).

However, Plaintiff Armenta filed a prior, almost identical, Complaint for Violation of Civil Rights on July 10, 2018. That case was docketed as No. CV 18-00659 JCH/JFR. That Complaint named the identical Defendants (CV 18-00659 Doc. 1 at 1), asserted the same claims (CV 18-00659 Doc. 1 at 3, 4), was based on the same factual allegations (CV 18-00659 Doc. 1 at 5), alleged the same injuries (CV 18-00659 Doc. 1 at 7), and sought compensatory and punitive damages (CV 18-00659 Doc. 1 at 7). The Court dismissed the Complaint for failure to state a § 1983 claim for relief on February 26, 2020 and granted Plaintiff leave to amend. (CV 18-00659 Doc. 19). Plaintiff then filed an Amended Complaint on March 30, 2020 that was in a different format but asserted essentially the same claims against the same defendants. (CV 18-00659 Doc. 21). On April 29, 2020, the Court dismissed the Amended Complaint, finding that it failed to state a federal claim for relief and declining to exercise supplemental jurisdiction over any state law claims. (CV 18-00659 Doc. 22). Final Judgment was entered on April 29, 2020. (CV 18-00659 Doc. 23).

## Analysis of Plaintiff Armenta's Claims

Claim preclusion prohibits parties from relitigating claims "arising out of the same transaction, or series of connected transactions, as a previous suit." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1227 (10th Cir. 1999) (internal quotation omitted). Claim preclusion requires (1) a final

judgment on the merits in an earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action in both suits. *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002). The Tenth Circuit applies the "transactional" approach from § 24 of the *Restatement (Second) of Judgments* to determine what constitutes a "cause of action" for claim preclusion. A "cause of action" includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. *Wilkes*, 314 F.3d at 504.

The doctrine of claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim. When a judgment is rendered for a defendant, the plaintiff's claim is extinguished and the judgment acts as a bar to further relief. The goal of claim preclusion is to avoid multiple suits and determinations on identical issues between the same parties. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d 530, 535-36 (5th Cir. 1978).

Armenta's federal claims against all Defendants are barred by the doctrine of claim preclusion. All of Armenta's claims in this case as well as in No. CV 18-00659 JCH/JFR arise out of his displaced kneecap and medical treatment for it at the prison facility. (Doc. 1 at 4-5; CV 18-00659 JCH/JFR Doc. 1 at 4-5; Doc. 21). The claims and legal theories of recovery arise from the same transaction, event, or occurrence and constitute the same cause of action for purposes of claim preclusion. *Wilkes,* 314 F.3d at 504. Armenta named each of the Defendants in this case as Defendants in No. CV 18-00659. (CV 18-00659 Doc. 1 at 1). Last, there has been a final adjudication on the merits in his prior action. (CV 18-00659 JCH/JFR Doc. 19, 22, 23). All the elements of claim preclusion are present in this case. *Wilkes,* 314 F.3d at 504.

Armenta may not seek to relitigate the same cause of action he has already litigated in a previous case. The prior Judgment rendered for the Defendants extinguished the Plaintiff's federal claims and the Judgment acts as a bar to further relief. The goal of claim preclusion, to avoid multiple suits and determinations on identical issues between the same parties, is met in this case. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d at 535-36. The Court will dismiss Armenta's § 1983 claims as barred by the doctrine of claim preclusion.

Plaintiff makes reference in his Complaint to the New Mexico Constitution and state law causes of action such as Intentional Infliction of Emotional Distress. (Doc. 1 at 3-4). Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court previously dismissed Plaintiff's federal claims and declined to exercise supplemental jurisdiction over any state law claims. (CV 18-00659 Doc. 22 at 3). The Court is again dismissing all federal claims in this case. Consistent with its prior decision, to the extent the Complaint alleges any claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff Armenta's remaining state-law claims and will dismiss those claims without prejudice. *Osborn v. Haley,* 549 U.S. at 245.[1]

**IT IS HEREBY ORDERED THAT:**

(1) all federal claims in the Complaint for Violation of Civil Rights filed by Plaintiff Arnold Armenta (Doc. 1) are **DISMISSED WITH PREJUDICE** based on the doctrine of claim preclusion; and

(2) the Court declines to exercise supplemental jurisdiction over any state law claims and those claims are **DISMISSED WITHOUT PREJUDICE.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Plaintiff Armenta has also failed to comply with the Court's April 6, 2020 Order requiring him to make an initial partial payment of the filing fee. (Doc. 10). Therefore, the case is also subject to dismissal without prejudice under Fed. R. Civ. P. 41(b). *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).